# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**19-479**

**BRAVEAUX PM, LLC, ET AL.**

**VERSUS**

**CARL GENE THYMES**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20190295
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Shannon J. Gremillion, and John E. Conery,
Judges.

**AFFIRMED.**

**Carl Gene Thymes**
**In Proper Person**
**P.O. Box 60443**
**Lafayette, LA 70596**
**(337) 326-0190**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Carl Gene Thymes**

**Penny L. Malbrew**
**John S. Troutman**
**Liskow & Lewis**
**P. O. Box 52008**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Braveaux PM, LLC**
    **Sans Chevaux Investments, LLC**

**GREMILLION, Judge.**

Defendant-appellant, Carl Gene Thymes, appeals the trial court judgment in favor of the plaintiffs-appellees, Braveaux PM, LLC and Sans Cheveaux Investments, LLC, evicting him for non-payment of rent. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2019, the plaintiffs filed a "Petition for Possession of Leased Premises and Ex Parte Motion for Expedited Hearing and to Appoint Private Process Server," alleging that Thymes had failed to make monthly rental payments of $1,003.00 for the months of August 2018 through January 2019 in accordance with the lease of a home in Lafayette, Louisiana. Concurrent with the execution of the lease on August 24, 2017, Thymes paid a $15,000.00 non-refundable payment for the option to purchase the leased premises upon expiration of the lease contingent upon him fully performing the terms of the lease. The parties executed a Louisiana Residential Agreement to Buy or Sell, which stated in the "Additional Terms and Conditions" section:

> Buyer, named as Tenant, in the attached Lease Agreement, acknowledges this agreement is subject to that lease agreement and default of that lease agreement shall terminate Buyer's rights under this agreement. This contract is exclusive to CARL GENE THYMES and it is NOT TRANSFERRABLE or ASSIGNABLE to any other party. On Act of Sale, Buyer will receive FIFTEEN THOUSAND DOLLARS ($15,000) credit for first payment that is otherwise NOT REFUNDABLE. Buyer will also receive credit for the principal portion of payment made in accordance with the attached amortization schedule.

On January 16, 2019, Thymes filed a "Notice of Removal of Action under 28 U.S.C. & 1441(A) Federal Question to the Clerk of the Above-Entitled [sic] Court,"

essentially requesting the return of his $15,000.00 deposit and ten percent damages of $13,900.00 for the plaintiffs' alleged breach of contract.[1]

Thymes filed a variety of other motions in federal and state court, including a "Demand for Jury Trial" in federal court on January 22, 2019; a "Cross-Claim Pursuant to LA code Civ. Pro CCP 1071" in state court on January 23, 2019; an "Emergency Motion for Reconsideration Stay of Eviction Order Jurisdiction Also Stay Pending Appeal, Owner in Procession [sic]" in state court on January 24, 2019; a "Demand for Jury Trial" in federal court on January 24, 2019; a "Notice of Order Removing the Case Back to Federal Court Attachment as Exhibit (A)" in state court on January 25, 2019; an "Extraordinary Pleading Stay of Eviction Order State Court Action Demand for Jury Trial" in federal court on January 26, 2019; and an "Emergency Stay of Eviction Pending Appeal" in state court on February 1, 2019. All of the actions pending in federal court were dismissed for lack of subject matter jurisdiction.

Following a trial on January 24, 2019, the trial court rendered a judgment of eviction in favor of the plaintiffs and against Thymes, for unpaid rent in the amount of $6,018.00, $1,760.00 in late fees, $6,200.00 in attorney fees, judicial interest from the date of demand, and all costs of the proceeding. The trial court terminated the August 24, 2017 lease agreement. The plaintiffs filed a "Request for Warrant of Possession" in the Fifteenth Judicial District Court, urging that Thymes had not delivered possession of the residence within twenty-four hours in accordance with the January 24, 2019 judgment of eviction. The trial court signed the warrant of possession on January 28, 2019.

---

[1] Also named as defendants in Thymes' federal actions are AT&T Mobility Services, LLC, CIA/FBI (COINTELPRO), L'Auberge Casino and Hotel/Pinnacle, and U.S. Equal Employment Opportunity Commission. There does not appear to be any relationship between these defendants and the Defendants at issue in this appeal.

Thymes filed a document ordering the stay of the eviction pending appeal in the fifteenth judicial district court which was denied by the trial court on February 1, 2019. On February 4, the Plaintiffs filed exceptions to Thymes' January 23, 2019 cross-claim.[2] On February 8, 2019, Thymes filed a "Motion Order for Mortgage & Tax Documents." Thymes filed a reply to Plaintiffs' exceptions on February 19, 2019. Thereafter, on February 25, 2019, Thymes filed a motion for recusal of Judge John Trahan, which was denied as untimely. On March 6, 2019, Thymes filed a "Notice of Appeal." On May 15, 2019 Thymes filed a "Notice of Application for Reduction of Estimated Cost of Appeal Pursuant to CCP. 2126(C)," which was denied.

Thymes now appeals and assigns as error:

1. The trial court's judgment is contrary to the law with respect to Real Estate Contract for lease purchase of real property location at 106 Strasbourg, Dr., Lafayette, LA 70506. Saying this case cannot be decided by Summary Proceeding with respect to eviction. The City Court of Lafayette, Lafayette Louisiana already dismiss this action Case No: 2018CVE03199.

2. The trial court abuse its discretion when it did not allow the Cross-Complaint to go forward on the same day as the Eviction proceeding. No due process of law.

3. The trial Court committed legal error in granting plaintiffs['] Judgment for Warrant of Possession despite the City Court having ruled that this is not an eviction proceeding. But rather who owns the property. This is an issue of material fact.

*Testimony at the January 24, 2019 eviction hearing*

Robert Leonard, the sole owner of both the plaintiff LLCs , testified regarding the lease terms stated above. Leonard said that if Thymes complied with the lease terms, he would have the option to purchase the property at the end of the lease on

---

[2] The plaintiffs' exceptions included a declinatory exception of insufficiency of service of process, dilatory exception of nonconformity, dilatory exception of vagueness, dilatory exception of improper cumulation of actions, dilatory exception of lack of procedural capacity, peremptory exception of no cause of action, and a peremptory exception of no right of action.

September 1, 2019, or at any time before the expiration of the lease. He testified that Thymes paid $15,000.00 to lock in the price and have the option to purchase the property at any point during the lease. He said that if he defaulted on the lease, the $15,000.00 was not refundable. Leonard testified that Thymes made eleven payments but has not made a payment since July 2018 and was still occupying the home as of the date of trial. Thymes cross-examined Leonard and attempted to show that the rent payments were actually mortgage payments. Thymes made various statements while cross-examining Leonard claiming that he was holding the rent payments until the case could be decided.

## DISCUSSION

We review a trial court's judgment of eviction using the manifest error/clearly wrong standard. *429 Bourbon Street, LLC v. RMDR Investments, Inc.*, 16-0800, 17-0845 (La.App. 4 Cir. 11/15/17), 230 So.3d 256, *writ denied,* 17-2054 (La. 2/2/18), 235 So.3d 1106. A lessee must pay the rent according to the agreed upon terms. La.Civ.Code art. 2683. A lessor may regain possession of his property if the lessee fails to pay the rent. La.Civ.Code art. 2704. If the trial court finds the lessee has failed to make the rent payments, it shall order a judgment of eviction requiring that the lessee deliver possession of the property to the lessor. La.Code Civ.P. art. 4732.

The crux of Thymes's first argument is that the trial court did not take into account "that he was the owner of the property." The trial court asked Thymes several times if he had a deed to the property proving his ownership, but Thymes could not produce one. He states in brief, "The Real Estate Contract was a lease purchase, no where was there the option to buy, it was a lease purchase agreement." On the contrary, the terms of the lease and the agreement to buy/sell are very clear. In the event of default of the lease, the buy/sell agreement terminates. Thymes offered no evidence to refute the fact that he did not make lease payments from

4

August 2018 through January 2019. Assignment of error two also relies on Thymes's claims of ownership of the property for which he has no proof. The trial court afforded Thymes the opportunity to present any evidence of ownership, but Thymes produced none.

Thymes's third assignment of error has no relevance to this eviction proceeding. The city court's decision to dismiss the case for lack of jurisdiction does not equate to the conclusion that this is not an eviction proceeding. Thymes makes claims such as "this case is not about eviction it [sic] about a mortgage," yet offers no proof of a mortgage or any other ownership interest in the property.

Thymes makes assertions in brief that Leonard defrauded him by raising the price of the home from $123,000.00 to $134,000.00 three days before he moved to Louisiana from New Mexico and by not providing a property disclosure form indicating the house had termites and a leaky roof. However, he offers no proof that he did not violate the lease terms. The trial court did not manifestly err in its judgment of eviction for failure to pay the rent. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant, Carl Gene Thymes.

**AFFIRMED**.